ISBELL, Appellant, v. OWENS, Respondent.

No. 993; December 17, 1866.

**Contract to Pay Money—Certainty—Defeasance Clause—Construction.**—Under a contract whereby a certain sum is to be paid on a named day absolutely, another similar sum on a contingency and more thereafter, to make up in all a sum total promised to be paid, which contract, however, provides that "if the claim should fail to pay after testing the contract is to be null and void," nothing at all is due from the promisor after such failure is developed.

APPEAL from Fifth Judicial District, San Joaquin County.

The case arose out of this instrument which was signed by both parties: "This is to certify that I have this day sold and conveyed to B. W. Owens three-sixths or one-half of a certain quartz lode, known as the Isbell claim, and located near the town of Vallecito, in Calaveras county, for the sum of three thousand dollars, the payments to be made as follows, viz.: two hundred and fifty dollars when the claim is pumped out, and the prospect showed to be satisfactory as represented by me, also the further sum of two thousand five hundred dollars, to be paid when that amount is realized out of said claim, or the one-half of said claim, over and above all the outlay of money and expenditures made by the said B. W. Owens on said claim, and it is further agreed and understood, that if it becomes necessary to add machinery for crushing, then the sum of twelve hundred and fifty dollars to be paid on said contract, and twelve hundred and fifty dollars after the said machinery is paid for, and when taken out of said claim, and to be paid in equal dividends in proportion to the number of shares. It is further understood, that if the said claim should fail after testing then this contract to be null and void."

The answer was in part thus: "Defendant denies that he ever erected or deemed it necessary to erect machinery upon the claim mentioned in the complaint, and denies that there is any machinery erected upon said claim by the consent or procurement of defendant. Defendant further answering avers that after said claim had been thoroughly tested by defendant it was found that the said claim was of no value, and

that the same would not pay the expenses of working, and the same has been abandoned by the defendant.'' Such other facts as are essential appear in the court's opinion following.

Budd & Carr for appellant; Tyler & Cobb for respondent.

SHAFTER, J.—The complaint admits the payment of the first two hundred and fifty dollars at the agreed date, and the payment of the second two hundred and fifty dollars at the ''pumping out of the claim''; and seeks a recovery of the sum of twelve hundred and fifty dollars first mentioned in the agreement, on an averment that ''the defendant, deeming it necessary, caused machinery to be erected and added for the crushing of quartz taken from said lode.'' The question presented is whether the liability of the defendant to pay the twelve hundred and fifty dollars sued for is made by the contract to depend upon the erection of machinery to the exclusion of every other condition. The question may be treated as arising upon demurrer or motion in arrest.

The contract lacks precision and some of its provisions seem at first blush to be contradictory. For instance: the first two hundred and fifty dollars is made payable absolutely on a day named, and the second two hundred and fifty dollars absolutely on the happening of a certain event; and still the last clause of the instrument provides that ''if the claim should fail to pay after testing that the contract is to be null and void.'' Still these apparently conflicting provisions may be reconciled when all the terms of the contract are viewed in relation. The liability to pay the first two hundred and fifty dollars was intended to be absolute—maturing by the mere lapse of time; and the liability to pay the second two hundred and fifty dollars was also made absolute by intention on the happening of the event specified; and the last clause providing that the contract should go for naught in the event that the claim should fail to pay after testing, was intended to be limited to the two thousand five hundred dollars—for the liability to pay that sum is made by a preceding clause to depend upon how the mine should stand testing. If it could be worked at a profit, then when the profits amounted to two thousand five hundred dollars, that sum was to be paid to the plaintiff, but if the claim should fail to pay after testing, or fail to pay

to that extent, then the contract, in so far as the two thousand five hundred dollars was concerned, was to be null and void. The two sums of twelve hundred and fifty dollars each, named in the contract, are not cumulative to the two thousand five hundred dollars but the same sum stated by moieties. This is shown by the fact that the sale was for three thousand dollars—and not for four thousand five hundred dollars. The question is narrowed to this: The payment of the two thousand five hundred dollars is made to depend, in the first instance, upon a successful testing of the mine, and a realization of that amount from it over and above all expenses—the payment to be made in solido. Did the parties, after having thus guarded the interests of the defendant, intend to disconnect his liability from these favorable conditions, and make it to depend altogether upon whether the defendant should work the mine with machinery or without it? We think not. Our construction based upon the language, and upon the scope and sense of the thing as gathered from it, is that the liability to pay the two thousand five hundred dollars, or any part of it, was intended to turn upon the results of the experiment wholly irrespective of the character of the instruments used in making it. Should the mine be successfully tested without machinery, then the two thousand five hundred dollars was to be paid in one payment, "when that amount should have been realized out of the said claim, or the one-half of said claim, over and above all outlay of money and expenditure by the said B. W. Owens on said claim." On the other hand, should the defendant test the mine by the use of machinery, then on the happening of the same contingency the money was to be paid in a different manner, that is, in installments of twelve hundred and fifty dollars each—the first when two thousand five hundred dollars surplus should have been realized; the second, when, the machinery having been paid for, twelve hundred and fifty dollars should thereafter have been "taken out of said claim." This construction gives effect to the clause by which the defendant's liability to pay the two thousand five hundred dollars is made to depend absolutely upon the profitableness of the claim, and to that clause also which provides that if unprofitable the contract shall be null and void; and to the clause respecting the use of machinery; for its use determines that the amount stipulated is to be paid not in

gross but by installments. Under this construction of the contract the defendant was entitled to judgment on the face of the complaint, for it stated no breach of the contract declared on.

Taking the question upon the findings however, they fully support the judgment. And if the decision be considered in connection with the evidence, there is nothing in that tending to prove that the defendant ever realized anything from the claim over and above his outgoes, though there is some tending to prove that the mine was not or may not have been altogether valueless.

It is urged that there was evidence to the effect that the defendant had never tested the mine but had sold and conveyed it to a company of which he was a member and trustee, and that he should therefore be held liable for the twelve hundred and fifty dollars. One answer to the objection is, that the cause of action stated in the complaint is not put upon that, but upon a very different ground. Whether there are any other answers to the objection it is not necessary to consider.

Judgment affirmed.

We concur: Sawyer, J.; Rhodes, J.; Currey, C. J.; Sanderson, J.